# IN THE OREGON TAX COURT

## SLOCUM et al
*v.*
## DEPARTMENT OF REVENUE
(TC 2363)

Donald A. Gallagher, Jr., Eugene, represented plaintiffs.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 9, 1986.

### CARL N. BYERS, Judge.

This case concerns plaintiffs' entitlement to state partial payment of property taxes (property tax relief) on homesteads for the tax years 1979-1980 through 1983-1984.[1] In order to qualify as a homestead, the taxpayer's ownership interest must be "of record." ORS 310.810(9)(a). Although plaintiffs' interest was not of record for the years in question, plaintiffs contend the assessor is estopped to deny plaintiffs' entitlement to the benefits. Inasmuch as the facts are not in

---

[1] ORS 310.810 through 310.890 was repealed by 1985 Or Laws ch 784, § 10.

dispute, the parties agreed to submit the case to the court on briefs.

■ Plaintiffs allege, and defendant admits, that plaintiffs purchased the subject property on a land sale contract on or about June 1, 1964. The contract was not recorded. Plaintiffs occupied the property as their personal residence during all of the years in question. The 1979 legislature enacted the legislation found in ORS 310.810 through 310.890 which provides for the state to pay part of the property taxes otherwise levied against homesteads. In order to obtain this benefit, a taxpayer must file a claim no later than April 15 of the first year for which payment is desired. ORS 310.830(2). A claim need not be filed for subsequent years unless there is a sale or other change in circumstances as provided in subsection (3) of ORS 310.830.

■ As indicated above, one of the requirements for property to qualify as a homestead is that the ownership interest be recorded in the public records. Apparently plaintiffs were not aware that their land sale contract had not been recorded. Desiring to obtain the benefit of the property tax relief statutes, plaintiffs filed a claim with the assessor. Based on that claim, the assessor classified the property as a homestead and plaintiffs received the partial payments during the years 1979 through 1983.

On July 6, 1983, the assessor notified the plaintiffs that their property was disqualified as a homestead property because their land sale contract was not recorded. The record does not indicate how or why the assessor ascertained that plaintiffs' ownership interest in the property was not of record. Plaintiffs apparently then met with the assessor and discussed their plight. On June 14, 1984, plaintiffs recorded their land sale contract, thereby making their interest in the property of record. On June 19, 1984, plaintiffs appealed their disqualification to the Department of Revenue. On July 29, 1985, the department denied relief to plaintiffs for all years prior to 1984.

The sole issue raised by these facts is whether the assessor is estopped by his mistake in the classification from retroactively denying the classification.

■ The doctrine of equitable estoppel is not like a picnic

blanket to be lightly tossed upon the ground for convenience and comfort. It is more in the nature of a life ring to be used by the courts to rescue those who have been pushed, not jumped, into dangerous waters. As stated by the Supreme Court in *Johnson v. Tax Commission,* 248 Or 460, 463-464, 435 P2d 302 (1967):

> "The policy of efficient and effective tax collection makes the doctrine of rare application. It could only be applied when there is proof positive that the collector has misinformed the individual taxpayer and the taxpayer has a particularly valid reason for relying on the misinformation and that it would be inequitable to a high degree to compel the taxpayer to conform to the true requirement."

The plaintiffs here cannot assert that, except for reliance on the assessor's mistake, they would have qualified for the benefit sought. The contract evidencing plaintiffs' ownership interest had never been recorded. What plaintiffs are really saying is that if the assessor had initially denied their claim they would have learned that the contract was not of record. Armed with this knowledge, they could have then recorded the contract and thereafter qualified.[2] Aside from the many speculations this position would require, what it would do is bind the government to all actions taken by it without regard to the taxpayer's responsibilities. Such a standard would be unreasonable.

The assessor did not actively mislead the plaintiffs. To the contrary, it might be asserted that plaintiffs misled the assessor by filing a claim which they verified or affirmed was true. ORS 310.830(4).[3] When the assessor subsequently learned that the property did not qualify, plaintiffs should not be heard to claim estoppel. If the assessor had represented to plaintiffs that the contract did not have to be recorded and

---

[2] It should be noted that the homeowner tax relief form filed by plaintiffs contained a box with the instructions "Check here if you are buying this property under a land sales contract." The box was not checked.

[3] ORS 310.830(4) provides:

"A claim filed pursuant to this section shall be filed with the county assessor on the form prescribed by the Department of Revenue. The claim shall set out the basis of the claim, designate the property to which the payment may apply and contain such other information as the department may require. There shall be attached to each claim the affidavit or affirmation of the claim that the statements contained therein are true."

plaintiffs had failed to record the contract in reliance upon that representation, plaintiffs would have a better claim. Here, however, plaintiffs implicitly, if not explicitly, represented to the assessor that their ownership interest in the property was of record.[4] When the assessor discovered that such was not the case, the plaintiffs could not complain.

The conclusion required by the above is that the assessor was not estopped from denying the qualification. Accordingly, defendant's Opinion and Order No. 4-0435-PTR is hereby affirmed. Defendant shall recover its costs.

---

[4] The Department of Revenue instructions which accompany the form contain a question and answer which indicates that land sale contracts must be recorded.