Argued and submitted August 27, the judgment of the Oregon Tax Court reversed
September 19, 1991

Irving W. POTTER
and Arlene S. Potter,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 2951; SC S37755)

817 P2d 291

Leslie M. Roberts, of Josselson, Potter & Roberts, Portland, argued the cause and filed the briefs for appellants.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

PER CURIAM

## PER CURIAM

In this personal income tax case, the parties agree to all the pertinent facts but not to the legal conclusions that flow from them. The Department of Revenue (Department) mailed to taxpayers a "notice of deficiency" for taxpayers' 1980 personal income tax return after receiving notice from the federal Internal Revenue Service (IRS) that taxpayers' return had been corrected. At the time the deficiency notice was mailed, the statute authorizing the Department to issue such notices, ORS 314.410(3) (1985), provided:

> "The limitations to the giving of notice of a deficiency provided in this section shall not apply to a deficiency resulting from false or fraudulent returns, or in cases where no return has been filed. If the [IRS] * * * makes a correction resulting in a change in income tax for state income tax purposes, then notice of a deficiency under any law imposing tax upon or measured by income for the corresponding tax year may be mailed within two years after the department is notified by the taxpayer or the [IRS] of such federal correction, or within [certain other periods not applicable to the present proceeding] * * *."

The Department received notice from the IRS on November 3, 1983. The Department mailed its deficiency notice more than two years thereafter.

After their administrative challenges to the deficiency notice failed, taxpayers challenged the Department's deficiency notice in the Oregon Tax Court. They argued that, under the present version of ORS 314.410(3), the deficiency notice was not timely. The Department responded, and the Oregon Tax Court agreed, that the deficiency notice was timely, notwithstanding the plain words of ORS 314.410(3), because, *at the time the Department received the IRS notice*, it had three years − not two − in which to mail its notice of deficiency, and the notice to taxpayers in this case was mailed within that three years.[1] *Potter v. Dept. of Rev.*, 11 OTR 423 (1990). The present appeal followed.

---

[1] The present version of ORS 314.410(3) was created by the Legislative Assembly in 1985, Or Laws 1985, ch 602, § 5 (effective September 20, 1985). The same subsection replaced the old, three-year period on which the Department relies here with a two-year period of limitation on departmental action.

We hold that the Oregon Tax Court erred. An administrative agency such as the Department has such authority as the legislature sees fit to grant to it. Concerning the Department's authority to issue deficiency notices, the legislature saw fit to limit the Department's authority to a period of two years following receipt of notice from the IRS. ORS 314.410(3). In the absence of a savings clause that would extend the life of the earlier, repealed version of the statute, the Department's authority to issue a notice of deficiency in the present case expired on November 3, 1985 — two years after the Department received notice from the IRS concerning the change in taxpayers' 1980 tax return. There was no savings clause in the act amending the relevant limitations statutes. The Department had no authority to issue the deficiency notice or to pursue payment of the 1980 taxes.

The judgment of the Oregon Tax Court is reversed.