IN THE OREGON TAX COURT
MAGISTRATE DIVISION

MONTESSORI SCHOOL OF EUGENE, INC.,
an Oregon non-profit Corporation,
*Plaintiff,*

*v.*

LANE COUNTY ASSESSOR,
*Defendant.*

(TC-MD 990964A)

E. Al Lushenko, Gaydos Churnside and Baker, PC, Eugene, argued the cause for Plaintiff.

Joyce Johnson, Lane County Assessor's Office, argued the cause for Defendant.

Decision for Plaintiff rendered February 8, 2000.

**SCOT A. SIDERAS, Presiding Magistrate.**

Plaintiff has appealed Defendant's decision, for the 1994-95, 1995-96, 1996-97, 1997-98, and 1998-99 tax years, to no longer exempt, but instead assess, property identified by Account No. 245413.

Plaintiff's counsel was E. Al Lushenko. Defendant appeared *pro se.*

STATEMENT OF FACTS

The following chronology of events give rise to this appeal.

*The beginning:* Plaintiff, for more than 25 years, operated as a nonprofit school. During the relevant periods, the school operated on leased premises located at 2255 Oakmont Way in Eugene.

*October 15, 1990:* After studying the manner of operating the school and the lease between Plaintiff and McKay Investment Company, Defendant, on or about October 15, 1990, granted Plaintiff a property tax exemption under ORS 307.145 effective for the 1990-91 tax year. An excerpt from a letter between Defendant and Plaintiff, dated October 15, 1990, provides as follows:

"Your application for property tax exemption under ORS 307.145 has been approved for the 1990-91 Assessment and Tax year.

"If the ownership and use of all property included in the application filed with the county assessor remains unchanged, a new application will not be required. Your

lease expires on August 14, 1993. A new application will be required when your lease is renewed."

*October 27 and 28, 1990:* Approximately half the school is destroyed by fire. Those portions of the building and its contents not consumed in the conflagration were damaged by vandalism. Records were lost, damaged, or destroyed, including the October 15, 1990, letter from Defendant just quoted.

*January 15, 1991:* Prompted by communications between Plaintiff and Defendant, Defendant writes to Plaintiff. In relevant part the letter states:

"Your application for property tax exemption under ORS 307.145 * * * has been approved and confirmed for the 1990-91 Assessment and Tax year.

"* * * * *

"If the ownership and use of all property included in the application filed with the county assessor remains unchanged, a new application will not be required."

*August 14, 1993:* The lease between Plaintiff and McKay Investments Company expires. A new lease is struck. Plaintiff does not reapply for exemption with Defendant.

*February and March 1999:* Defendant corrects the roll, removing the exemption from the property for the 1994-95, 1995-96, 1996-97, 1997-98, and 1998-99 tax years as a clerical error under ORS 311.205.

## ANALYSIS

There is no dispute that Plaintiff is a school which would be entitled, under ORS 307.145, to qualify for a property tax exemption. The relevant provisions for a school to exempt leased property are set out in ORS 307.112. Most importantly, ORS 307.112(4)(b),[1] in part, specifically dictates:

"The exemption shall continue so long as the use of the property remains unchanged and during the period of the lease or lease-purchase agreement. * * * If the lease or

---

[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 1995.

lease-purchase agreement expires before July 1 of any year, **the exemption shall terminate as of July 1 following the date of expiration of the lease or lease-purchase agreement.**"

(Emphasis added.)

Here the lease under which exemption was granted expired before July 1, 1994. Plaintiff did not reapply for exemption under the new lease, as required by the above statute and OAR 150-307.112(1). Plaintiff's arguments to avoid the consequent roll correction consist of hardship and late filing, statutory amendments, and estoppel.

■ *Hardship and late filing:* There is no doubt that the fire was a calamity that dramatically affected Plaintiff's operations. However, the fire occurred in 1990. The failure to reapply upon the expiration of the old lease took place in 1993. Although under some circumstances a catastrophe may be so severe as to carry its consequences across tax years, the statute that grants relief when the failure to file for exemption was for good cause has its own limitations. ORS 307.475(3) states:

"An application to the director for a recommendation of tax relief on the grounds of hardship must be made not later than December 15 of the year in which the failure to claim the exemption or cancellation of assessment occurred."

The application under ORS 307.475 must have been made on or before December 15, 1994. A similar problem bars Plaintiff from retroactively applying to exempt the property for those lapsed tax years. OAR 150-307.112(3) permits a late filing under ORS 307.162(2). That statute carries a December 31 filing date. Plaintiff may not receive relief from the roll correction by arguing either hardship or late filing.

*Statutory amendments:* Oregon Laws 1999, chapter 500, section 3, specifically amended ORS 311.206[2] to add the following language:

"(3)  Notwithstanding subsection (1) or (2) of this section or other provision of law establishing the delinquency date for

---

[2] ORS 311.206 is the statute setting out the manner in which the roll corrections under ORS 311.205 become assessed as additional taxes.

additional taxes, additional taxes may not be assessed and imposed if the correction is a result of:

"(a) The disqualification of property from a tax exemption granted erroneously by a tax official; or

"(b) The failure by a tax official to timely disqualify property from a tax exemption."

Although those revisions would otherwise seem to solve Plaintiff's problem, the amendments to ORS 311.206, worked by Oregon Laws 1999, chapter 500, section 3, did not become effective until October 23, 1999. Defendant's correction to the roll occurred more than six months earlier.

■ Revisions to the law during the course of an appeal can dramatically change the litigation. *Potter v. Dept. of Rev.*, 312 Or 143, 817 P2d 291 (1991). However, in order for the October 23, 1999, changes to avail Plaintiff, the amendments to ORS 311.206 must be found to be retroactive. Oregon Laws 1999, chapter 500, section 3 lacks a retroactivity clause. Earlier cases from the Tax Court have set out a general rule that statutes will not be construed retroactively unless they admit of no other reasonable construction. *Jayne v. Dept. of Rev.*, 6 OTR 251, 258 (1975).

■■ More recent decisions as to whether a statute has a retroactive application set out sophisticated tests, such as a study of the tense in which the statute has been written, its stated purpose and general structure, and its legislative history. *Newell v. Weston*, 150 Or App 562, 946 P2d 691 (1997), *rev den*, 327 Or 317 (1998). The application of such an analysis to Oregon Laws 1999, chapter 500, section 3 is inconclusive. In such a situation, the court must rely on other tests to discern the legislature's intentions. *Vloedman v. Cornell,* 161 Or App 396, 400, 984 P2d 906, 908 (1999).

The method in such instances is to look as to whether the change is "remedial" or "substantive." *Vloedman,* 161 Or App at 400. "Remedial" statutes are those that go to a remedy, as opposed to "substantive" legislation, which affect or modify a substantive right or duty. *Id.* at 401; *Perkins v. Willamette Industries*, 273 Or 566, 571 n 1, 542 P2d 473 (1975). Remedial statutes may be given retroactive effect. Substantive statutes may not. *Id.*

Is Oregon Laws 1999, chapter 500, section 3 then "remedial" or "substantive"? The conclusion of the court is that the legislation is "substantive." "Substantive" statutes, as set out above, are those that go to a duty. The duty of an assessor to assess property is statutory. ORS 308.330. Oregon Laws 1999, chapter 500, section 3, in carving out a category of roll corrections for which the assessor no longer has a duty to assess, changes the "substantive" duties of the assessor. Under the criteria set out above, it may not be given a retroactive reach. The statutory amendments do not give Plaintiff the relief it requests.

■ *Estoppel:* To succeed with a claim of estoppel, a taxpayer must establish misleading conduct on the part of the assessor, good faith reliance on that conduct, and an injury to the party claiming estoppel. *Sayles v. Dept. of Rev.*, 13 OTR 324, 328 (1995). The controversy in this appeal relates to the element of misleading conduct, specifically whether Defendant, in its letter of January 15, 1991, misled Plaintiff when it stated, "If the ownership and use of all property included in the application filed with the county assessor remains unchanged, a new application will not be required."

That sentence is, in the context of this appeal, incorrect. Under the terms of ORS 307.112 the ownership of the school by McKay Investment Company and the use of the school by Plaintiff may remain unchanged, and yet a new lease will trigger the need to reapply. However, the critical issue in the application of estoppel is not whether Defendant made a false statement, but whether the assessor's conduct misled Plaintiff who acted in good faith reliance upon the erroneous assertions. An important element in that question is the October 15, 1990, letter which added, to the January 15, 1991, language quoted above the additional warning that, "Your lease expires on August 14, 1993. A new application will be required when your lease is renewed."

Plaintiff asserts that the October 15, 1990, letter cannot be used to counterbalance the erroneous statement in the subsequent correspondence in that Plaintiff, by the intervening criminal acts of a third party, no longer had the earlier letter in its possession. It was lost in the fire and associated vandalism of October 27 and 28, 1990. The point of law

now decisive in this appeal is whether the circumstances of a taxpayer may make otherwise equivocal conduct on the part of an assessor sufficiently definitive as to constitute estoppel.

■ No precedent explicitly stands for such a proposition. However, a source that is often quoted in the area of estoppel states, in part, that:

> "The policy of efficient and effective tax collection makes the doctrine of rare application. It could only be applied when there is proof positive that the collector has misinformed the individual taxpayer **and the taxpayer has a particularly valid reason for relying on the misinformation** and that it would be inequitable to a high degree to compel the taxpayer to conform to the true requirement."

*Johnson v. Tax Commission*, 248 Or 460, 463-64, 435 P2d 302 (1967), *quoted in Harris v. Comm.*, 3 OTR 440, 442 (1969); *Pilgrim Turkey Packers v. Dept. of Rev.*, 4 OTR 498, 502 (1971); *Cascade Manor, Inc. v. Dept. of Rev.*, 5 OTR 482, 488 (1974); *Hinson v. Dept. of Rev.*, 7 OTR 397, 405 (1978); *Pacific Conference v. Dept. of Rev.*, 7 OTR 429, 433 (1978); *Liquid Air, Inc. v. Dept. of Rev.*, 8 OTR 159, 168 (1979); *Portland Adventist Hospital v. Dept. of Rev.*, 8 OTR 381, 387 (1980); *Gains v. Dept. of Rev.*, 9 OTR 136, 138-39 (1982); and *Slocum v. Dept. of Rev.*, 10 OTR 261, 263 (1986) (emphasis added).

Under the facts of this case, Plaintiff has a particularly valid reason for relying on the misinformation furnished by Defendant. Intervening criminal acts had deprived Plaintiff of the records that would otherwise put Plaintiff on notice of at least the need to inquire further as to the apparent inconsistencies in Defendant's representations. Defendant's only response as to the consequence of Plaintiff's particularly valid reason for relying on the misinformation Defendant furnished is to assert that Plaintiff ought to know of the statutory requirements under which it has applied for exemption.

■ That argument has been examined, although not in exactly those terms, before. That a taxpayer had access to the pertinent law was rejected as an obstacle to estoppel in *Cascade Manor.* In *Hinson*, the court found estoppel was not barred by the fact that the plaintiff was represented by both an attorney and a certified public accountant, both of whom

would be expected to be knowledgeable as to the law erroneously applied by the assessor. *Hinson,* 7 OTR at 404. The court has no problem applying that line of precedent to reject the argument that, as to those facts, estoppel should not be found because Plaintiff ought to have known better.

As to the other elements of estoppel, the detrimental reliance on the misrepresentation was established through the testimony of Anita Hollingshead and Maryjo Burns, Plaintiff's respective chairpersons in 1990 and 1993, and Ethel Barclay, Plaintiff's major domo of 27 years. Damage is clearly present in the approximately $27,000 in roll corrections which Defendant now seeks from Plaintiff. With those observations Plaintiff's case is complete. Defendant is barred, on the basis of estoppel, from amending the roll for those tax years.

## CONCLUSION

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.