Argued and submitted October 10, 1984, affirmed February 6, 1985

ZAIK/MILLER,
*Respondents,*

*v.*

HEDRICK et ux,
*Appellants.*

ZAIK/MILLER,
*Appellants,*

*v.*

HEDRICK et ux,
*Respondents.*

(A8306-04153; CA A29773)

695 P2d 88

Howard R. Hedrick, Portland, argued the cause for appellants, respondents Howard Hedrick and Doris Hedrick. With him on the briefs was Hedrick & David, P.C., Portland.

Roger L. Meyer, Portland, argued the cause for respondents, appellants Zaik/Miller, Architects. With him on the briefs were Joshua Kadish, and Newcomb, Sabin, Meyer & Schwartz, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Young, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants appeal from the trial court's denial of their exceptions to an arbitrator's award and from the court's entry of judgment on the award. Most of defendants' arguments are wholly without merit, and those that are colorable are adversely answered by *Brewer v. Allstate Insurance Co.*, 248 Or 558, 436 P2d 547 (1968), and *Eugene Educ. Assoc. v. Eugene School Dist. 4J*, 58 Or App 140, 648 P2d 60 (1982). On defendants' appeal, the judgment is affirmed.

Plaintiffs appeal from the trial court's denial of attorney fees pursuant to ORS 20.105(1).[1] That statute provides:

> "In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

ORS 20.105 was enacted in 1983 and took effect while the trial court proceedings in this case were pending. The sole basis for the trial judge's denial of attorney fees was his conclusion that the statute should not be applied retroactively.

Plaintiffs argue that ORS 20.105(1) is "remedial or procedural rather than substantive" and that it therefore should apply retroactively. The most apposite authority the parties cite or we find is *Seattle-First National Bank v. Schriber*, 51 Or App 441, 625 P2d 1370 (1981), on which defendants rely. We concluded there, in our discussion of a conflict of laws issue:

> "The nature of attorney's fees to be awarded pursuant to ORS 20.096 is addressed in *Gorman v. Boyer*, 274 Or 467, 547 P2d 123 (1976). The Supreme Court, at 472, held that attorney's fees awarded pursuant to ORS 20.096, based upon the terms of a contract, are not properly awarded as costs.

---

[1] Plaintiffs' appeal is from a separate order denying attorney fees.

Instead, attorney's fees must be pled and proved (or a stipulation entered into allowing the court to determine them). Because attorney's fees awarded pursuant to ORS 20.096 are not merely costs incidental to judicial administration, awarding them is a matter of substantive, rather than procedural, right." 51 Or App at 448.

*See also Shipler v. Van Raden,* 288 Or 735, 608 P2d 1162 (1980); *Joseph v. Lowery,* 261 Or 545, 547, 495 P2d 273 (1972).

■     Like ORS 20.096, and unlike the statute construed in *Spicer v. Benefit Ass'n of Ry. Emp.,* 142 Or 574, 17 P2d 1107, 21 P2d 187 (1933), on which plaintiffs rely, ORS 20.105 pertains to attorney fees that are not part of costs. *See, generally, Shipler v. Van Raden, supra.* Moreover, the attorney fees that ORS 20.105 authorizes are subject to the court's discretion and are contingent on events—wilful disobedience of a court's order or acting in bad faith or wantonly or solely for oppressive reasons—that can scarcely be characterized as "procedural." We conclude that the statute comes within the ambit of what the cases have labeled "substantive."

In *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981), the Supreme Court emphasized, as it had in *Spicer* and other cases, that a court's duty in determining whether a statute applies retroactively is to "discern and declare" the legislature's intent from the statutory language, not to apply rules of construction when statutory language or other direct evidence reveals the legislative intent. *See also Caffey v. Lane County,* 298 Or 183, 691 P2d 94 (1984). Nevertheless, the court also emphasized in *Whipple:*

"* * * [W]e do not abandon the 'rules' or 'maxims' of statutory construction that have been developed for application in cases in which the court cannot otherwise 'discern and declare' the intention of the legislature and in which such 'rules' or 'maxims' may be of aid to the court in determining the probable intent of the legislature. We hold, however, that when as in this case, the language of a statute is sufficiently clear so as to reveal the legislature's intent, it is both unnecessary and improper to resort to such 'rules' or 'maxims' of statutory construction. * * *" 291 Or at 487.

■     The language of ORS 20.105 provides no indication of legislative intent about retroactivity, nor does anything else that the parties or we find except the rule of construction that substantive statutes are only prospective in effect unless the

legislature intends otherwise. The trial court correctly concluded that plaintiffs cannot recover attorney fees under ORS 20.105.[2]

Affirmed on both appeals.

---

[2] Defendants make a number of arguments in addition to their retroactivity argument in support of their position that ORS 20.105 should not apply here. We do not reach those alternative arguments, and we do not decide whether the prosecution of an unmeritorious case, without more, *can* amount to acting "in bad faith, wantonly or solely for oppressive reasons." *Compare* ORS 19.160.