Argued and submitted December 14, 1998, affirmed July 7, 1999

Herbert R. VLOEDMAN, Jr.,
*Appellant,*

*v.*

William Franklin CORNELL, IV,
and Kathleen Kelly Cornell,
*Respondents.*

William Franklin CORNELL, IV,
and Kathleen Kelly Cornell,
*Respondents,*

*v.*

Herbert VLOEDMAN, Sr.,
and HRV Ranches, Inc., an Oregon corporation,
*Appellants.*

(9600053CV; CA A101202)

984 P2d 906

Robert F. Nichols, Jr., argued the cause and filed the briefs for appellants. With him on the briefs was Bogardus & Nichols, P. C.

Michael W. Peterkin argued the cause for respondents. With him on the brief was Michael W. Peterkin, P. C.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

LANDAU, P. J.

## LANDAU, P. J.

The question before us is whether a statute providing for an award of attorney fees to a successful plaintiff in an action for damages to crops applies when the action was initiated after the statute's effective date but was based on conduct that occurred before its effective date. The trial court concluded that the attorney fee statute applies, and we agree.

Herbert Vloedman, Jr., and HRV Ranches, Inc., a corporation owned by Vloedman and his family (collectively referred to as the Vloedmans), developed and farmed 40 acres of land in Lake County owned by the Cornell family, who were absentee owners. When the Cornells learned of the Vloedmans' farming operation, they disputed the right of the Vloedmans to use the land. In 1996, the Vloedmans responded by initiating this action against the Cornells for adverse possession, claim and delivery, and conversion. The Cornells counterclaimed under ORS 105.810, alleging that, from 1992 to 1994, the Vloedmans unlawfully removed crops from the land. The Cornells alleged a right to treble damages and attorney fees, as provided under ORS 105.810.

Trial resulted in a verdict in favor of the Cornells, and, pursuant to ORS 105.810(1), the trial court entered judgment for treble the verdict. The Cornells petitioned for an award of attorney fees under ORS 105.810(2). The Vloedmans objected on the ground that the attorney fee provision was not enacted until 1995 and took effect after the conduct that gave rise to the Cornells' successful counterclaim. According to the Vloedmans, the attorney fee provision contains no retroactivity clause nor any other indication that the legislature intended it to apply retroactively and therefore should not apply to this case. The Cornells argued that application of the attorney fee provision to this case involves no issue of retroactivity, because the counterclaims were filed well after the effective date of the statute. In any event, they argued, the attorney fee provision is remedial in nature and therefore is presumptively retroactive. The trial court awarded fees to the Cornells.

On appeal, the Vloedmans contest only the trial court's award of attorney fees. They argue that the trial court

erred in applying ORS 105.810(2) retroactively to this case. The Cornells argue that application of the statute to this case is not "retroactive" application, and, even if it is, such application is what the legislature intended.

We begin with the Cornells' suggestion that this case is not really about "retroactivity." Unfortunately, the term is a somewhat slippery one. All laws operate retroactively, in the sense that they determine the legal significance of past events. *See Whipple v. Howser*, 291 Or 475, 488-89, 632 P2d 782 (1981) (Linde, J., concurring) (" 'Retroactivity' itself is a deceptively simple word * * *. [A]ll new laws operate upon a state of affairs formed to some extent by past events."); Bryant Smith, *Retroactive Laws and Vested Rights*, 5 Texas L Rev 231, 233 (1927) ("There is no such thing as a law that does not extinguish rights, powers, privileges, or immunities acquired under previously existing laws. That is what laws are for."). Scholars have observed that courts are inconsistent in their usage of the term. Some use the term to apply broadly to any enactment that changes, from its effective date forward in time, the legal effect of past actions. Others use the term narrowly to apply only to enactments that change the effect of past actions automatically upon passage. *See, e.g.,* Jan G. Laitos, *Legislative Retroactivity*, 52 Wash U J Urban & Contemp L 81, 86-87 (1997); Smith, 5 Texas L Rev at 232. The statute at issue in this case would be considered retroactive by the former courts, but not the latter.

Oregon courts appear to use the term in its broader sense. In *Dean Vincent, Inc. v. Chamberlain*, 264 Or 187, 193, 504 P2d 722 (1972), for example, the court addressed the applicability of an attorney fee statute enacted after the conduct that gave rise to the litigation took place but before the action was filed. The court characterized the question as whether the attorney fee statute had "retroactive application." *Id.* at 194. Precisely the same situation is presented in this case. Thus, whether applying ORS 105.810(2) to this case accurately may be characterized as "retroactive" in the abstract, the fact remains that the courts of this state so characterize it.

We turn, then, to the question whether such retroactive application is required in this case. Whether a statute

applies retroactively is a matter of legislative intent, determined in the usual manner of construing the intended meaning of statutes. *State v. Lanig*, 154 Or App 665, 670, 963 P2d 58 (1998). We examine the text, in context, and, if necessary, the legislative history and other aids to construction. *Id.*

ORS 105.810 provides, in part:

"(1)   * * * [W]henever any person, without lawful authority, willfully injures or severs from the land of another any produce thereof * * * in an action by such person * * * against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass. * * *

"(2)   A court may, in its discretion, award to a prevailing plaintiff under subsection (1) of this section reimbursement of reasonable costs of litigation including but not limited to investigation costs and attorney fees."

Subsection (2) became effective September 9, 1995. Or Laws 1995, ch 721. The statute does not expressly state whether it is intended to apply to actions that are filed after the effective date but that are based on conduct that occurred before the effective date. Nor does the wording of the statute provide any other cues as to possible retroactive intentions. *See Newell v. Weston*, 150 Or App 562, 569, 946 P2d 691 (1997), *rev den* 327 Or 317 (1998) (phrasing of statutory language, including verb tense, may indicate legislative intent as to retroactivity). The legislative history likewise is silent on the intended temporal effect of the attorney fee provision. We must rely on relevant maxims of construction in lieu of actual evidence of the legislature's intentions. *Whipple*, 291 Or at 487; *Lanig*, 154 Or App at 674.

■■   The pertinent maxim of construction is that, in the absence of evidence of what the legislature actually intended, we presume that it intended retroactive effect to be given statutes that are "remedial" or "procedural," as opposed to "substantive," in nature. *Whipple*, 291 Or at 491-92 (Tanzer, J., dissenting). In this case, two factors lead us to conclude that ORS 105.810(2) is remedial or procedural and, thus, retroactive.

First, we observe the essentially remedial nature of the statute as a whole. The Supreme Court has explained that, at least in the context of determining the retroactivity of statutes, "remedial" statutes are those "which pertain to or affect a remedy, as distinguished from those which affect or modify a substantive right or duty." *Perkins v. Willamette Industries*, 273 Or 566, 571 n 1, 542 P2d 473 (1975). ORS 105.810 is such a statute. It provides property owners a statutory remedy for the unlawful taking of crops, a remedy that includes treble damages and, since 1995, attorney fees. The attorney fees provision was added to the statute without altering any underlying legal duties.

Second, we observe that ORS 105.810(2) provides for an award of attorney fees as "reimbursement of reasonable costs of litigation." The distinction between attorney fees as costs and attorney fees as a consequence of substantive liability has proven critical in prior cases. In *Spicer v. Benefit Ass'n of Ry. Emp.*, 142 Or 574, 601, 21 P2d 187 (1933), for example, the court concluded that an attorney fees provision was retroactive because the statute permitted "nothing more than the imposition of a cost item for which there was already a liability prior to * * * enactment." In contrast, in *Zaik / Miller v. Hedrick*, 72 Or App 20, 695 P2d 88 (1985), we held that ORS 20.105(1), which provides for an award of attorney fees in the event of willfull disobedience of a court order or bad faith, does not apply retroactively. We reasoned that, "unlike the statute construed in *Spicer* * * *, ORS 20.105 pertains to attorney fees that are not part of costs." *Zaik / Miller*, 72 Or App at 23. In this case, the legislature used phrasing that places ORS 105.810(2) squarely under the rubric of *Spicer*.

Therefore, although the statute contains no express savings or retroactivity clause, the phrasing of the attorney fee provision in light of the appropriate presumptions as to legislative intent leads us to conclude that ORS 105.810(2) has retroactive effect and that the trial court did not err in awarding the Cornells their attorney fees as permitted by that statute.

Affirmed.