Argued and submitted March 8, 2005, on appeal, reversed and remanded;
cross-appeal dismissed as moot May 3, 2006

ROBERT CAMEL CONTRACTING, INC.,
an Oregon corporation,
*Appellant - Cross-Respondent,*

*v.*

George J. KRAUTSCHEID
and Kathlyn M. Krautscheid,
husband and wife,
individually and as trustees of the
Krautscheid Living Trust,
*Respondents - Cross-Appellants.*

00CV0545MA; A124244

134 P3d 1065

Thomas M. Christ argued the cause for appellant - cross-respondent. With him on the briefs was Cosgrave Vergeer Kester LLP.

Brian J. MacRitchie argued the cause for respondents - cross-appellants. With him on the brief was Merrill O'Sullivan, LLP.

Before Schuman, Presiding Judge, and Edmonds* and Wollheim, Judges.

WOLLHEIM, J.

---

\* Edmonds, J., *vice* Ceniceros, S. J.

## WOLLHEIM, J.

In this breach of contract action, plaintiff appeals from the supplemental judgment awarding attorney fees to defendants, and defendants cross-appeal. Plaintiff argues that the trial court erred in utilizing the "net judgment" approach in determining that defendants were the sole prevailing party, and should have determined who the prevailing party was on a claim-by-claim basis. On cross-appeal, defendants argue that the trial court erred in reducing its award of attorney fees. We agree with plaintiff. Accordingly, we reverse and remand on the appeal, and dismiss the cross-appeal as moot.

The facts are undisputed. Plaintiff and defendants entered into a contract whereby plaintiff agreed to build a house for defendants and defendants agreed to pay plaintiff for its work. In November 2000, after the construction was completed, plaintiff filed a complaint against defendants to foreclose its construction lien on the property and for breach of contract, alleging that defendants had failed to pay the contract price and requesting attorney fees under ORS 87.060(5) and the contract. Defendants counterclaimed, alleging that plaintiff breached the contract by "failing to construct the residence in a timely, substantial and workmanlike manner." Defendants also requested attorney fees under ORS 87.060(5) and the contract.

After a trial to the court, the trial court entered a general judgment, finding "in favor of the plaintiff on his complaint in the amount of $19,101; and in favor of defendants on defendants' counterclaim in the amount of $32,480." Based on those findings, the trial court entered a "net award * * * in favor of defendants in the amount of $13,379," and awarded attorney fees to defendants only.

Plaintiff objected to the award of attorney fees in the general judgment. Plaintiff first argued that ORS 87.060(5) authorizes an award of attorney fees for prevailing on the validity and foreclosure of the lien. Second, plaintiff argued that ORS 20.077, which went into effect in 2001—after this action was filed—applied retroactively and required that the

trial court determine the prevailing party and award attorney fees on a claim-by-claim basis. The trial court rejected plaintiff's contentions and entered a supplemental judgment awarding defendants $31,573.50 in attorney fees, an amount less than defendants' request. Plaintiff appeals and defendants cross-appeal from the supplemental judgment.

On appeal, plaintiff makes the same argument that it made to the trial court: ORS 20.077 requires that attorney fees be awarded to the prevailing party on a claim-by-claim basis. Defendants respond that, because ORS 20.077 went into effect after the action was filed and the statute was not intended to apply retroactively, it is inapplicable. In addition, defendants argue that, even if the statute were applicable, it does not require a claim-by-claim determination of attorney fees. On cross-appeal, defendants argue that the trial court erred in reducing their attorney fee award.

ORS 20.077 provides, in part:

"(1)   In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.

"(2)   For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

"(a)   Identify each party that prevails on a claim for which attorney fees could be awarded[.]

"* * * * *

"(4)   This section does not create a claim to an award of attorney fees in any action or suit in which the court or arbitrator is not otherwise authorized or required to make an award of attorney fees by contract or other law."

Before we reach the question of whether plaintiff's interpretation of ORS 20.077 is correct, we first must determine whether the statute was intended to apply retroactively. The statute is silent as to whether it applies to claims filed before the statute's effective date. In addition, the legislative history is silent as to the legislature's intent. Accordingly, we turn to maxims of statutory construction. *See Vloedman v. Cornell*, 161 Or App 396, 400, 984 P2d 906 (1999).

■ We presume that the legislature intended to give retroactive effect to statutes that are "remedial" or "procedural," as opposed to "substantive," in nature. *Id.*; *State ex rel Juv. Dept. v. Nicholls*, 192 Or App 604, 610, 87 P3d 680 (2004). ORS 20.077 is of the former type. First, the statute does not alter any underlying legal duties. It directs the courts how to determine who is the "prevailing party" in a case, but imposes no legal obligations or burdens based on past actions. *See Vloedman*, 161 Or App at 401.

Second, the statute does not itself authorize an award of attorney fees. Subsection (4) specifically states that it "does not create a claim to an award of attorney fees in any action or suit in which the court or arbitrator is not otherwise authorized or required to make an award of attorney fees by contract or other law." It neither offers nor alters any rights; it does not provide for a remedy in the form of costs or otherwise, unless the underlying contract or statute so provides. *Cf. id.* at 401 (statute authorizing attorney fees as part of costs weighs in favor of retroactive application); *Zaik / Miller v. Hedrick*, 72 Or App 20, 23, 695 P2d 88 (1985) (statute authorizing attorney fees as a sanction weighs against retroactive application). We conclude for those reasons that the statute can properly be characterized as being of a "procedural" nature and that the legislature intended ORS 20.077 to apply retroactively.

■ Having determined that the legislature intended ORS 20.077 to apply retroactively, we next turn to the meaning of the statute, guided by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

We begin with the statute's text and context. ORS 20.077(1) applies to "any action or suit" where "one or more

claims are asserted for which * * * attorney fees are authorized." This "action," involves "one or more claims," and attorney fees are authorized by ORS 87.060(5) and by the contract. ORS 20.077 therefore applies.

Subsection (1) requires the court to determine "the prevailing party on each claim." Paragraph (2)(a) directs that if "more than one claim is made * * *, the court * * * shall * * * [i]dentify each party that prevails on a claim for which attorney fees could be awarded." Paragraphs (2)(b) and (c) require the court to then decide whether to award attorney fees on those claims and the amount of the award. We can only conclude, based on the unambiguous text of the statute, that, in the context of actions involving multiple claims, the legislature intended the courts to determine the prevailing party on each claim and award attorney fees accordingly.

However, defendant argues that the analysis in *Carlson v. Blumstein*, 293 Or 494, 651 P2d 710 (1982), still controls despite the enactment of ORS 20.077. The language of ORS 20.077 is in stark contrast to the text of the reciprocal attorney fee statute involved in *Carlson*. *Carlson* concerned *former* ORS 20.096(5) (1999), *repealed by* Or Laws 2001, ch 542, §§ 3, 3a, which defined a "prevailing party" as "the party in whose favor final judgment or decree is rendered." ORS 20.077(2) makes no mention of "final judgment" but instead directs the courts to determine the prevailing party on each separate claim. The difference in text shows that the legislature intended ORS 20.077 to have a different effect. *See Premier West Bank v. GSA Wholesale, LLC*, 196 Or App 640, 649, 103 P3d 1169 (2004) (former statutes provide context).

A brief examination of the legislative history confirms our conclusion.[1] Staff measure summaries of ORS 20.077 explain the intention to

"[c]odif[y] recent Oregon case law regarding the definition of 'prevailing party' for purposes of attorney fees in actions where there are multiple claims and counterclaims

[1] Although, here, we need not resort to legislative history in ascertaining the legislature's intent, we are considering it because it was offered by the parties. ORS 174.020(1)(b) ("To assist a court in its construction of a statute, a party may offer the legislative history of the statute.").

to ensure a 'claim-by-claim' approach to the award of attorney fees."

Staff Measure Summary, House Committee on Judiciary, HB 2374, Apr 11, 2001; Staff Measure Summary, Senate Committee on Judiciary, HB 2374, May 18, 2001. The staff measure summaries referred to *Newell v. Weston*, 156 Or App 371, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999), and *Wilkes v. Zurlinden*, 328 Or 626, 984 P2d 261 (1999). In *Newell*, we held that, because *former* ORS 20.096 applied only to claims under a contract, the "prevailing party" under that statute was "the party who prevails on the claims that are subject to that statute, without regard to whether the party prevails in the action." 156 Or App at 376.

In *Wilkes*, the Supreme Court held that there is more than one prevailing party under *former* ORS 20.096 "when there is both a claim and a counterclaim on a contract and each party succeeds in defeating the other party's claim for relief." 328 Or at 633. The court explained that its holding was consistent with *Carlson*, in which the court held that damages awards to the respective parties should be "netted" in order to determine who the prevailing party is under *former* ORS 20.096. The court in *Wilkes* distinguished *Carlson*, explaining that the "net" judgment approach is inapplicable when neither party is awarded damages. *Id.*

Although there is seemingly a discrepancy between our decision in *Newell* and the Supreme Court's decision in *Carlson*, the enactment of ORS 20.077 was intended to specifically clear up the "confusion in defining 'prevailing party.' " Staff Measure Summary, House Committee on Judiciary, HB 2374, Apr 11, 2001; Staff Measure Summary, Senate Committee on Judiciary, HB 2374, May 18, 2001. We conclude that under ORS 20.077, the "prevailing party" is to be determined on a "claim-by-claim" basis.

In support of their argument that the trial court did not err in using the "net" judgment approach, defendants cite our recent decisions in *LeBrun v. Cal-Am Properties, Inc.*, 197 Or App 177, 106 P3d 647, *rev den*, 338 Or 488 (2005), and *Squier Associates, Inc. v. Secor Investments, LLC*, 196 Or App 617, 103 P3d 1129 (2004). Defendants' reliance is misplaced.

In *LeBrun*, we held that, under the Oregon Residential Landlord Tenant Act (ORLTA), the landlord could not recover attorney fees for successfully defending a claim asserted by the tenant because the tenant won a net award. 197 Or App at 185. *LeBrun* is inapposite, because it turned on an analysis of ORS 90.255, the fee provision relating to claims under ORLTA, which defines the prevailing party as "the party in whose favor final judgment is rendered." It has no bearing on our interpretation of ORS 20.077.

In *Squier Associates, Inc.*, the issue before us was whether the defendant was the prevailing party on the plaintiff's lien claim, which the plaintiff had voluntarily dismissed. We held that, under ORS 87.060(5), the defendant was not the prevailing party, because it had not prevailed on "the issues of the validity and foreclosure of the lien," as required by the statute. *Squier Associates, Inc.*, 196 Or App at 623. *Squier Associates, Inc.*, did not involve ORS 20.077, and its holding is therefore of no application here.

In sum, we conclude that ORS 20.077 applies retroactively to this case and that the trial court erred in failing to consider on a claim-by-claim basis who was the prevailing party and who was entitled to attorney fees. Because we reverse and remand to the trial court for reconsideration of attorney fees, we dismiss defendants' cross-appeal as moot.

On appeal, reversed and remanded; cross-appeal dismissed as moot.