IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| WINEMA RANCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 140212C |
| | ) | |
| v. | ) | |
| | ) | |
| KLAMATH COUNTY ASSESSOR, | ) | |
| TOM MALLAMS, Klamath County | ) | |
| Commissioner, JASON LINK, Klamath | ) | |
| County Treasurer/Chief Financial Officer, | ) | |
| and DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendants. | ) | **FINAL DECISION** |

On June 24, 2014, this Court entered its Decision in the above-entitled matter. Plaintiff filed a Statement for Costs and Disbursements on July 7, 2014, which was within 14 days after the court's Decision was entered, as required by Tax Court Rule-Magistrate Division (TCR-MD) 19 C(1). Defendant did not file an objection. As of the date of this Final Decision, the court has not received a request to schedule a hearing as allowed by TCR-MD 19 C(3). The court's Final Decision incorporates its earlier Decision, which remains unchanged, and includes the court's analysis and determination of Plaintiff's request for costs in a section titled Costs and Disbursements.

This matter is before the court on the Answer filed by Defendant Klamath County Assessor (the assessor) on May 29, 2014. Plaintiff filed its Amended Complaint on May 12, 2014, requesting that the 2013-14 tax roll value of property identified as Account R875480 (subject property) be reduced to $1,350. In its Answer, the assessor requested "that the court sustain the Plaintiff request of Real Market Value $1,350." Defendant Department of Revenue filed a motion on May 21, 2014, requesting to be removed as a defendant because it "was not

responsible for valuation or assessment of the subject property." To date, Defendants Tom Mallams and Jason Link have not filed responsive pleadings with the court.

Because Plaintiff and the assessor are in agreement, and because each of the remaining defendants has either disclaimed responsibility or failed to appear, the case is ready for decision.

COSTS AND DISBURSEMENTS

The Magistrate Division has discretionary authority under ORS 305.490(2) to award costs and disbursement to the prevailing party. *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013). TCR-MD 19 B provides that "costs and disbursements *may* be allowed to the prevailing party[.]" (Emphasis added.) TCR-MD 19 sets forth the procedure for a prevailing party to request costs and disbursements. As required under TCR-MD 19 C(1), Plaintiff filed a statement for costs and disbursements on July 7, 2014, requesting that the court award it $486.40, including: (1) $252.00 for the "cost to file state appeal" with this court; (2) $224.40 for transportation costs incurred in mailing or delivering various documents, attending a hearing at the county board of property tax appeals, and visiting the planning department and the library for access to a computer with Internet service; and (3) $10.00 for a "county hearing transcript." (Ptf's Statement, Ex 1.) Defendant did not file an objection to Plaintiff's Statement for Costs and Disbursements within the 10 day period provided in TC-MD 19 C(2)(a).

Under TCR-MD 19 B, "costs and disbursements may be awarded only to the prevailing party." *Wihtol v. Multnomah County Assessor* (*Wihtol*), TC-MD No 120762N, WL 274126 at *2 (Jan 24, 2014).

In *Wihtol*, the court observed that "prevailing party" is not defined for purposes of "costs and disbursements," and looked to the definition of "prevailing party" for purposes of making an

award of attorney fees under ORS 20.077(2).[1] *Id.* Under ORS 20.077(2), the prevailing party is "the party who receives a favorable judgment or arbitration award on the claim." "[U]nder ORS 20.077, the 'prevailing party' is to be determined on a 'claim-by-claim' basis." *Robert Camel Contracting, Inc. v. Krautscheid*, 205 Or App 498, 504, 134 P3d 1065 (2006). "To determine who is the prevailing party on each claim, a court must weigh 'what was sought by each party against the result obtained.' " *Beggs v. Hart*, 221 Or App 528, 537-38, 191 P3d 747 (2008) (quoting *Lawrence v. Peel*, 45 Or App 233, 243, 607 P2d 1386 (1980)).

This appeal involved a single claim for relief: a reduction in the RMV of the subject property for a single tax year (2013-14). Plaintiff prevailed on its claim, the parties agreeing to reduce the RMV of Account R875480 from $3,550 to $1,350. The parties stipulated to that lower RMV. Plaintiff is therefore "the prevailing party" with respect to its appeal of Account R875480 for the 2013-14 tax year, even though Plaintiff obtained relief through a stipulated agreement. *See Waterbury v. Dept. of Rev.*, 11 OTR 314, 316 (1989) ("[t]he operative factor is success, not at which stage or how that success is achieved").

Having determined that Plaintiff prevailed, the court must now determine, in its discretion, whether to award costs and disbursements to Plaintiff for the claim on which it prevailed. *See Wihtol*, 2014 WL 274126 at *4 ("[t]he award of costs and disbursements is entirely discretionary with the court").

TCR-MD 19 A provides:

> " 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the filing fee; the fees of officers; the statutory fees for witnesses; the postage for summonses or notices; the necessary expense of copying any public record, book, or document used as evidence in the trial; recordation of any document where a recordation is required to give notice of the creation,

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

modification, or termination of an interest in real property * * * and any other expenses specifically allowed by agreement, by these rules, or by other rule or statute. * * *."

In *Wihtol*, this court discussed some considerations that may be relevant to the court's exercise of its discretion to award costs. *Id.*, 2014 WL 274126 at *5. The court in *Wihtol* found that two cases that denied costs to a taxpayer were based on the failure of the taxpayer "to timely and properly file returns or * * * to take advantage of available administrative review[.]" (*Id.*) The two cases were *Benjamin Franklin Savings & Loan Ass'n v. Department of Revenue*, 310 Or 651, 670-671, 801 P2d 771 (1990), and *Bell v. Department of Revenue*, TC 5089, 2012 WL 3192791 at *1 (Aug 7, 2012). This case is distinguishable from both of those cases because it does not involve an untimely or improperly filed return or a failure on the part of the taxpayer to avail itself of the available administrative review. Plaintiff in this matter appealed to the county board of property tax appeals and that body sustained the value placed on the roll by the assessor, Defendant in this matter. It was only after Plaintiff filed its appeal with this court from the order of the county board of property tax appeals that Defendant filed its Answer agreeing the RMV should be reduced to the value requested by Plaintiff in its Complaint. Plaintiff was the prevailing party in this matter and the court finds Plaintiff's request for costs under TCR-MD 19 should be granted.

The final question is the amount of costs to be awarded. TCR-MD 19 A explicitly provides for an award of costs for the filing fee, which in this case was $252. Plaintiff is therefore awarded a reimbursement of the $252 filing fee. The remainder of Plaintiff's requested costs are denied because Plaintiff did not substantiate them with receipts or other records.

/ / /

/ / /

Now therefore,

IT IS THE DECISION OF THIS COURT that the 2013-14 tax roll real market value of property identified as Account R875480 is $1,350.

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements is granted in the amount of $252.

Dated this ___ day of July 2014.


_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on July 23, 2014. The court filed and entered this document on July 23, 2014.*