IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LINDA F. MCWHIRTER,                           )
                                              )
              Plaintiff,                      )    TC-MD 150316D
                                              )
       v.                                     )
                                              )
DEPARTMENT OF REVENUE,                        )
State of Oregon,                              )
                                              )
              Defendant.                      )    **FINAL DECISION**

The court entered its Decision of Dismissal in the above-entitled matter on June 15, 2015.

Plaintiff timely filed a statement for costs and disbursements on June 23, 2015.  The court's Final

Decision incorporates its prior Decision of Dismissal in section I under the heading "Decision."

Section II contains the court's analysis and determination of Plaintiff's statement for costs and

disbursements.  The following change is made to the decision line: Plaintiff's appeal is not

dismissed, but is granted because the parties are in agreement that Plaintiff qualifies for Oregon's

property tax deferral program.

## I.  DECISION

This matter is before the court on Defendant's Motion to Dismiss as Moot, filed June 2,

2015 (Motion).  Plaintiff requested in her Complaint "to be restored to the tax deferral program

and to request a refund of my $252."  In its Motion, Defendant stated:

> "• [Defendant] disqualified the deferral account because the property ownership
> was transferred and the other owner was not an applicant for deferral as
> required under ORS 311.684(2).

> "• [Plaintiff] has since corrected the ownership record which now reflects that she
> is the only owner of the property.

> "• [Defendant] has reactivated the deferral account and will pay the 2015 property
> taxes to Benton County on her behalf."

Plaintiff responded to Defendant's Motion in a letter filed on June 12, 2015. In that letter, Plaintiff stated:

> "I have received the Motion to Dismiss as Moot and am requesting a dismissal of the Appeal.

> "I am in agreement; however, I continue to request a refund of my $252 filing fee for the Complaint (Rule 16), as previously requested."

Tax Court Rule-Magistrate Division (TCR-MD) 16 C(1) provides the applicable procedure for requesting costs and disbursements after entry of a magistrate's decision. Plaintiff's request for costs is premature and was not filed in accordance with TCR-MD 16 C(1). The court cannot rule on Plaintiff's request at this time.

Because the parties both request dismissal of the appeal, this matter is ready for decision.

## II. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

The Magistrate Division has discretionary authority under ORS 305.490(2) to award costs and disbursements to a prevailing party. *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013). The Magistrate Division promulgated a rule, Tax Court Rule – Magistrate Division (TCR-MD) 16, setting forth the procedure for a prevailing party to request costs and disbursements. As required under TCR-MD 16 C(1), Plaintiff filed her Statement for Costs and Disbursements on June 23, 2015, requesting that the court award her costs and disbursements totaling $252. Defendant did not file a written objection. *Cf.* TCR-MD 16 C(2)(a). Neither party requested that the court schedule a hearing "to consider issues and evidence related to the request for costs and disbursements." TCR-MD 16 C(3); *see also* TCR-MD 16 C(2)(b).

Under TCR-MD 16 B, "costs may be awarded only to the prevailing party." *Wihtol v. Multnomah County Assessor* (*Wihtol*), TC-MD 120762N, WL 274126 at *2 (Jan 24, 2014). "To determine who is the prevailing party * * * a court must weigh what was sought by each party

against the result obtained." *Beggs v. Hart*, 221 Or App 528, 537-38 (2008). Plaintiff requested to be "restored to the tax deferral program." (Compl at 3.) In its Motion to Dismiss as Moot, Defendant stated that Plaintiff had obtained her requested relief. (Def's Mot Dismiss at 1.) Plaintiff is the prevailing party because she is qualified to continue her participation in Oregon's property tax deferral program, which was her requested relief.

Because "[t]he award of costs and disbursements is entirely discretionary with the court[,]" the question is whether the court should, in its discretion, award Plaintiff her claimed costs and disbursements. *Wihtol*, 2014 WL 274126 at *4. In *Wihtol*, this court addressed considerations the court may take into account in deciding whether to exercise its discretion to award costs and disbursements. Considerations such as whether "taxpayers fail to timely and properly file returns or fail to take advantage of available administrative review" are used to determine whether the taxpayer "took adequate steps to avoid the necessity of litigation." *See id*. at *5-*6. *Wihtol* also suggested "that certain errors and shortcomings" in documentation produced by the taxpayer "that resulted in an initial inaccurate assessment could be reason to deny a discretionary award of costs and disbursements." *Id*. at *5; *Benj. Franklin Savings and Loan v. Dept. of Rev.*, 310 Or 651, 670-71, 801 P2d 771 (1990).

In the case before the court, Defendant disqualified Plaintiff's property tax deferral account because Plaintiff's "property ownership was transferred and the other owner was not an applicant for deferral," as required by statute. (Def's Mot Dismiss at 1.) *See* ORS 311.672(1); ORS 311.684(2). Plaintiff subsequently changed her property ownership record to state that she was the sole owner of the property. (Def's Mot Dismiss at 1.) Following the recorded change in property ownership, Defendant reactivated Plaintiff's property tax deferral account and stated it would pay Plaintiff's taxes owed to Benton County. (*Id*.) Defendant filed a motion to dismiss

and Plaintiff agreed with Defendant that the matter should be dismissed. (Ptf's Ltr at 1, June 12, 2015.)

After reviewing the facts stated above, the court concludes that Plaintiff's own action – changing the property's ownership record to show another individual owning the property with Plaintiff – resulted in her being disqualified from the property tax deferral program. Defendant was required by statute to disqualify the property once ownership was transferred. ORS 311.684(2). If Plaintiff had not transferred ownership of her property, she would not have needed to appeal to this court. The court concludes Plaintiff's request for costs under TCR-MD 16 should be denied.

Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted because the parties are in agreement that Plaintiff qualifies for Oregon's property tax deferral program.

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements is denied.

Dated this ____ day of July 2015.

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 16, 2015.*