IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| STEPHEN J. HARDER and CYNTHIA A. HARDER, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 200126G (Control); 210093G |
| v. | ) ) | |
| DESCHUTES COUNTY ASSESSOR, | ) ) | **SUPPLEMENTAL DECISION ON** |
| Defendant. | ) | **COSTS AND DISBURSEMENTS** |

This matter came before the court on Plaintiffs' Statement for Costs and Disbursements. The court's Decision lowered the subject's real market value from $125,000 to $50,000 on the 2019–20 and 2020–21 tax rolls. Plaintiffs had requested a real market value of $25,000 for each tax year in their Complaints.

Plaintiffs request an award for costs totaling $1,515.16 as follows: two court filing fees totaling $562, appraiser's fees totaling $850, UPS delivery fees totaling $95.96, and a mailing fee of $7.20 for transmitting the Complaint to the court via certified mail. Plaintiffs substantiated the appraiser's fees with invoices and canceled checks, and receipts were provided for all other costs except the court filing fees.

Defendant objects to awarding costs, alleging that (1) Plaintiffs have not met their burden of proof under ORS 305.427 to show entitlement to costs and disbursements and (2) Plaintiffs were not the "prevailing party" under TCR–MD 16 B.[1] Defendant also raises specific objections to allowing Plaintiffs' costs for the appraiser's fees and for the certified mailing fee.

/ / /

---

[1] Oregon Revised Statutes (ORS); Tax Court Rules – Magistrate Division (TCR–MD)

A.      *Burden of Proof*

ORS 305.427 provides that the party seeking affirmative relief in this court must bear the burden of proof by a preponderance of the evidence.

Defendant asserts that parties seeking costs are subject to a "particularly onerous" burden of proof "because 'the award of costs and disbursements is entirely discretionary with the court.' " Defendant concludes that Plaintiffs have failed to meet that burden because they merely cited TCR–MD 16, the court's rule on awarding costs and disbursements, and "failed to include any additional 'facts' or 'statutes' justifying costs and disbursements."

Defendant's assertion that claimants seeking costs and disbursements face a "particularly onerous" burden is followed by a citation to *Wihtol v. Multnomah County Assessor*, TC–MD 120762N, 2014 WL 274126 (Or Tax M Div Jan 24, 2014), the first Magistrate Division case awarding costs and disbursements. In that case, the magistrate presented an extensively researched discussion of magistrates' then-newfound power to award costs. Although the magistrate's task of performing that level of research on an issue of costs might be characterized as "particularly onerous," nothing in the decision suggests that parties seeking costs need perform similar feats of legal acumen, and nothing in the decision suggests that those parties face a higher standard of proof than the preponderance standard established by ORS 305.427. Defendant's assertion to the contrary is unsupported.

Here, Plaintiffs have provided receipts, invoices, and canceled checks demonstrating every cost they claimed except for the filing fees, which the court's records show were paid. In the absence of any countervailing evidence from Defendant, Plaintiffs' evidence satisfactorily proves all the expenses claimed on their Statement for Costs and Disbursements.

B.      *Prevailing Party*

Under TCR–MD 16 B, "costs and disbursements may be allowed to the prevailing party[.]"

The "prevailing party" is determined on a claim-by-claim basis; it is "the party who receives a favorable judgment or arbitration award on the claim." ORS 20.077(2); *Stade v. Dept. of Rev.*, TC–MD 150369N, 2016 WL 282206 at *5 (Or Tax M Div Jan 21, 2016). In determining the prevailing party, courts "weigh what was sought by each party against the result obtained." *Stade*, 2016 WL 282206 at *5 (quoting *Beggs v. Hart*, 221 Or App 528, 537–38, 191 P3d 747 (2008)) (internal quotes removed).

A taxpayer who obtains a substantial reduction in property value is a prevailing party. *See Benjamin Franklin Sav. & Loan Ass'n v. Dept. of Rev.*, 310 Or 651, 671, 801 P2d 771 (1990); *Wihtol*, 2014 WL 274126 at *3. In *Benjamin Franklin*, our Supreme Court reversed the Tax Court's award of costs and disbursements to the taxing authority, finding the taxpayer was the prevailing party because the taxpayer's property value had been reduced "over three million dollars," from $26,452,567 to $23,407,676—even though that final value was the conclusion of the taxing authority's appraisers, not the taxpayers' appraiser. *Id*. at 662–63. The taxpayers' appraiser had concluded to a value of $7,244,438, and the taxpayers themselves had valued the property at $12,425,887. *Id*. at 663.

Here, Plaintiffs requested a reduction of the subject's value from $125,000 to $25,000 in their Complaint, and the court found a reduction to $50,000 was warranted.[2] The subject's value was therefore reduced by 60 percent, proportionally far more than the reduction at issue in *Benjamin Franklin*. Plaintiffs obtained 75 percent of the relief they sought.

Defendant argues that Plaintiffs nevertheless did not prevail because $50,000 is slightly closer to the roll value than to the value concluded by Plaintiffs' appraiser: negative $40,000.

___

[2] At trial, Plaintiffs increased their requested value to $30,000, the amount for which the subject property had recently sold. That difference is immaterial to the analysis in this case.

Defendant's argument fails for multiple reasons. The proper benchmark is the relief sought by Plaintiffs, not the opinion of their expert witness. *See Stade*, 2016 WL 282206 at \*5. Therefore, even if Defendant's proposed standard for weighing the results were accepted—*i.e.*, that a party only prevails if the value obtained is below the midpoint of the difference between the requested value and the roll value—even if that standard were accepted, Plaintiffs would easily meet it here. However, Defendant's "midpoint-of-the-difference" standard is inconsistent with the holding of *Benjamin Franklin*, where the taxpayers prevailed with a three-million-dollar value reduction even though the final value was almost 11 million dollars more than the taxpayers had asserted.

Plaintiffs obtained a substantial reduction in the value of their property and they are collectively the "prevailing party" in this case. While a prevailing party is not automatically entitled to costs and disbursements, the court allows costs here because the evidence shows the tax roll had a significant error that Defendant did not recognize.

C.      *Appraiser's Fees*

Defendant objects to Plaintiffs' requested expenses for appraiser fees. Fees of experts such as appraisers are not allowable as costs and disbursements in the Magistrate Division. *Kaur v. Clackamas Cty. Assessor*, TC–MD 180242G, 2019 WL 259507 at \*6 (Or Tax M Div Jan 18, 2019). Such expenses may be allowed in the Regular Division "in addition to costs and disbursements[.]" ORS 305.490(4)(a). Defendant's objection to Plaintiffs' appraiser fees totaling $850 is well taken.

D.      *Certified Mail Cost*

Defendant objects to Plaintiffs' cost for mailing their filing fee and Complaint to the court. By definition, costs and disbursements are "reasonable and necessary expenses." TCR–

MD 16 A. However, attorneys with active membership in the Oregon State Bar are required to file most documents through the court's electronic filing system. TCR–MD 1 A(3). Because Plaintiffs were represented by an attorney, their mailing expense was unreasonable and therefore did not meet the definition of a cost under TCR–MD 16 A. Defendant's objection to Plaintiffs' $7.20 mailing cost is well taken.

## III. CONCLUSION

Plaintiffs prevailed on their claim to reduce the value of the subject property, and the court allows them their costs, except for the $857.20 against which Defendant raised valid objections. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' costs are allowed in the amount of $657.96.

Dated this _____ day of March 2022.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>*

*This document was signed by Magistrate Poul Lundgren and entered on March 10, 2022.*