IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MELISSA L. MORGAN )
and SHAUN K. MORGAN, )
 )
   Plaintiffs, ) TC-MD 160015R
 )
  v. )
 )
DEPARTMENT OF REVENUE, )
State of Oregon, )
 )
   Defendant. ) **FINAL DECISION**[1]

Plaintiffs appeal Defendant's Notices of Deficiency Assessment, dated December 1, 2014, and October 27, 2015, for the 2011, 2012, and 2013 tax years. A case management conference was held on May 18, 2016, where the parties stipulated to narrow the issues to the deductibility of Plaintiffs' charitable contributions.

A trial was held by telephone on May 25, 2016. Melissa Morgan (Morgan) appeared and testified on her own behalf. Madison Emerald (Emerald) testified on behalf of Plaintiffs. Peggy Ellis (Ellis) appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 through 7 were received without objection. Defendant's Exhibits A through M were received without objection.

## I. STATEMENT OF FACTS

Morgan made 23 non-cash charitable contributions to Goodwill and St. Vincent De Paul in 2011, 2012, and 2013. Morgan's donations consisted mostly of clothing, furniture, household goods, electronics, and collectibles. Morgan testified that she used the "Its Deductible" program through TurboTax to record the items she donated. Morgan further explained she used the "Its

---

[1] The court entered its Decision in the above-entitled matter on September 21, 2016. Plaintiffs timely filed a Statement for Costs and Disbursements (Statement) on September 30, 2016, requesting their costs in the amount of $252. Defendant filed an objection to Plaintiff's Statement on October 6, 2016. The court's analysis and determination of Plaintiffs' request for costs and disbursements is contained in section E. Plaintiffs also requested to reduce penalties and interest, to which Defendant objected. The court's analysis and determination is contained in section F. The court's Final Decision otherwise incorporates its Decision without change.

Deductible" program to determine the fair market value for most of the items she donated. Morgan deducted almost all of her items using "high value" category. Plaintiffs' witness, Emerald, testified about the high quality of many of the items that Morgan donated. Morgan utilized the comparable sales method to determine the fair market value for some of her items such as an antique chair, antique furniture, and a harpsichord.

Morgan deducted on her 2011, 2012 and 2013 tax returns all of her non-cash charitable contributions as follows:

*2011Charitable Contributions*[2]

| Date | Institution | | Amount |
|------|-------------|--|--------|
| 5-27-2011 | Goodwill Industries | Exhibit I-3/22 | $1,071 |
| 7-13-2011 | St. Vincent De Paul | Exhibit I-4/22 | $496 |
| 8-24-2011 | Goodwill Industries | Exhibit I-5/22 | $4,172 |
| 9-7-2011 | St. Vincent De Paul | Exhibit I-6/22 | $239 |
| 11-18-2011 | St. Vincent De Paul | Exhibit I-7/22 | $1,505 |
| 11-25-2011 | St. Vincent De Paul | Exhibit I-8/22 | **[3] |
| 12-5-2011 | St. Vincent De Paul | Exhibit I-9/22 | $3,190 |
| | | Total | $10,673 |

*2012 Charitable Contributions*

| Date | Institution | | Amount |
|------|-------------|--|--------|
| 2-17-2012 | St. Vincent De Paul | Exhibit K-3/33 | $4,490 |
| 3-2-2012 | Goodwill Industries | Exhibit K-6/33 | $91[4] |
| 3-2-2012 | Goodwill Industries | Exhibit K-6/33 | $1,250 |
| 4-26-2012 | St. Vincent De Paul | Exhibit K-5/33 | $1,451 |
| 4-26-2012 | St. Vincent De Paul | Exhibit K-5/33 | $1,950 |
| 5-16-2012 | St. Vincent De Paul | Exhibit K-3/33 | $1,887 |
| 5-16-2012 | St. Vincent De Paul | Exhibit K-4/33 | $4,000 |
| 8-28-2012 | Goodwill Industries | Exhibit K-2/33 | $800 |
| 9-10-2012 | Goodwill Industries | Exhibit K-2/33 | $3,750 |
| 9-14-2012 | Goodwill Industries | Exhibit K-4/33 | $4,860 |
| | | Total | $24,529 |

/ / /

---

[2] These tables were created from Def's Ex M at 1.

[3] No amount is listed in Plaintiffs' or Defendant's exhibits for this donation

[4] Exhibit K-6/33 shows the donation as $1,341, however in Plaintiffs' tax return two contributions are listed as $91 and $1,250. Ptfs' Ex 2-22/73

*2013 Charitable Contributions*

| Date | Institution | | Amount |
|------|-------------|---|--------|
| 1-17-2013 | Goodwill Industries | Exhibit L-2/12 | $4,647 |
| 1-30-2013 | Goodwill Industries | Exhibit L-3/12 | $3,389 |
| 10-1-2013 | St. Vincent De Paul | Exhibit L-8/12 | $6,518 |
| 11-6-2013 | Goodwill Industries | Exhibit L-3/12 | $484 |
| 12-31-2013 | St. Vincent De Paul | Exhibit L-8/12 | $3,500 |
| 12-31-2013 | No receipt | -- | $700 |
| | | Total | $19,238 |

Defendant audited Plaintiffs' 2011 Oregon tax return for her claimed non-cash charitable contributions and determined that they had only successfully substantiated two donations with a fair market value below $500. (Def's Ex E at 8.) Defendant found that Plaintiffs' 2011 written records successfully substantiated two charitable contributions: $239 donated on November 18, 2011, and $496 donated on July 13, 2011. (Def's Ex D at 7-8.) An automatic adjustment was made to the 2012 and 2013 Oregon tax returns for any similar items to those adjusted on the 2011 return. (Def's Ex E at 8.) As a result, Defendant only allowed a $500 charitable contribution deduction for 2012 and 2013. (*Id.*)

Ellis testified that Plaintiffs' donations needed to be aggregated by similar genre or type, and that Plaintiffs bear the burden of aggregating the items and calculating the correct amounts. Ellis explained that since Plaintiffs donated clothing throughout one year, they needed to aggregate the value of all clothing items donated and determine what written records were necessary for that accumulated value for the year, not just the individual donation. Ellis further testified that Plaintiffs failed to aggregate the items into similar types and categories, therefore the Defendant only allowed a $500 deduction for 2012 and 2013. Plaintiffs supplied a large number of receipts from Goodwill and St. Vincent De Paul acknowledging that items were donated and a list of donations from the "Its Deductible" program as proof of the charitable contributions made in 2011, 2012, and 2013. (Ptfs' Ex 2.)

/ / /

Plaintiffs' receipts for their 2011 charitable deductions showed that they donated over $500 worth of clothing, household goods, and decorations. (Ptfs' Ex 2 at 7-17.) Plaintiffs donated china with a $39 fair market value, artwork with a $13 fair market value, and tools with a $23 fair market value. (*Id*.) Lastly, Plaintiffs donated jewelry with a $265 fair market value and electronics with a $435 fair market value. (*Id*.)

Plaintiffs' documentation for their 2012 charitable deductions showed that they donated over $500 worth of clothing, household goods, electronics, and furniture. (Ptfs' Ex 2 at 39-55.) Plaintiffs' receipts showed a donation for an antique chair with a fair market value of $800. (*Id*. at 39.) Plaintiffs also donated $129 worth of exercise equipment. (*Id*. at 45.)

Plaintiffs' documentation for their 2013 charitable deductions showed that they donated over $5,000 worth of clothing. (Ptfs' Ex 2 at 63-71.) Plaintiffs also donated over $500 worth of household goods, electronics, and furniture. (*Id*.) In addition, Plaintiffs' showed a donation of jewelry with a $60 fair market value and automotive equipment with a $72 fair market value. (*Id*.) Plaintiffs reported that they donated an antique desk that was purchased for $1,500, with a fair market value of $700, and an antique harpsichord with a fair market value of $3,500. (*Id*. at 71.)

Morgan testified that she believed she did her due diligence in recording enough information to deduct the non-cash charitable contributions from her 2011, 2012, and 2013 Oregon tax returns.

## II. ANALYSIS

The issue before the court is whether Plaintiffs have successfully substantiated their deductions for non-cash charitable contributions made during the tax years in issue.

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's "personal income tax

law identical in effect" to the federal Internal Revenue Code (IRC) for the purposes of determining taxable income of individuals, where possible. ORS 316.007.[5] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance of the evidence." ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof for substantiation is place on the individual claiming the deductions. *INDOPCO, Inc. v. Comm'r,* 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

IRC section 170 allows deductions for non-cash charitable contributions if the taxpayer maintains adequate receipts proving the existence and quality of the contribution. To substantiate a contribution is "to establish the existence or truth of by proof or competent evidence." (*Webster's Third New Int'l Dictionary,* 2280 (unabridged ed 2002)).

For purposes of determining substantiation thresholds for charitable contributions, "property and all similar items of property donated to 1 or more donees shall be treated as 1 property." IRC § 170(f)(11)(F). Similar items of property mean "property of the same generic category or type." Treas Reg 1.170A-13(c)(7). Property of the same generic category or type can include books, clothing, jewelry, furniture, electronic equipment, household appliances, toys, everyday kitchenware, china, crystal, or silver. *Id.*

IRC section 170 requires different levels of adequate written proof depending on the value of the charitable contribution. For charitable contributions with a value of $250 or more:

> "No deduction shall be allowed * * * for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that meets the requirements of subparagraph (B)."

IRC § 170(f)(8)(A).

---

[5] The court's references to the Oregon Revised Statutes (ORS) are to the 2011 edition.

A written acknowledgement must include, at a minimum, a description of the property contributed:

> "(i) amount of cash and a description, but not value, of any property other than cash contributed (ii) whether the donee organization provides any goods or services in consideration in whole or in part, for any property described in clause (i) (iii) a description and good faith estimate of the value of any goods or services referred to in clause (ii) or, if such goods or services consist solely of intangible religious benefits, a statement to that effect."

IRC § 170(f)(8)(B). A written acknowledgment is contemporaneous if the "taxpayer obtains the acknowledgment on or before the earlier of (i) the date on which the taxpayer files a return for the taxable year in which the contribution was made or (ii) the due date (including extensions) for filing such return." IRC § 170(f)(8)(C).

If the item or aggregated items has a value of $250 or more, a taxpayer must include with their tax return a contemporaneous written acknowledgment of the contribution required by IRC § 170(f)(8)(A) in addition to the requirements in Treas Reg 1.170A-13 which requires:

> "(A) the name and address of the donee organization to which the contribution was made, (B) the date and location of the contribution (C) the description of the property in detail reasonable under the circumstances, including the value of the property (D) the fair market value of the property at the time the contribution was made and (E) method utilized in determining the fair market value."

If the item or aggregated items has a value of $500 or more, then the taxpayer must satisfy all substantiation requirements for $250 or more, and record: 1) "the manner of acquisition", 2) "the approximate date of acquisition of the property by the taxpayer", and 3) "the cost or other basis of the property." Treas Reg 1.170A-13(b)(3)(i)(A) and (B). However, "[i]f a taxpayer has reasonable cause for not being able to provide such information, the taxpayer shall not be disallowed a charitable contribution deduction * * *." Treas Reg 1.170A-13(b)(3)(iii).

Lastly, if the item or aggregated items have a value of $5,000 or more, then the taxpayer must record all of the information required to substantiate a $500 donation, and taxpayer must

/ / /

"obtain[] a qualified appraisal of such property." IRC § 170(f)(11)(C); Treas Reg 1.170A-13(c)(2)(i).

A.    *2011 Charitable Contributions*

Items that are similar in nature must be aggregated together. Thus, although, many of the items Plaintiffs claimed as donations were individually value at less than $250, collectively their value is higher. Accordingly, a higher level of proof or substantiation is required for the contribution to be deductible. Plaintiffs donated over $500 worth of clothing, household goods, and decorations. Plaintiffs did include the name and address of the donee organization, the date, and location of contribution, the description of the property in detail reasonable under the circumstances, including the value of the property, the fair market value of the property in addition to the method used to determine fair market value. Plaintiffs did not include the manner and date of acquisition, or the cost basis for any items donated in 2011, nor did they provide a reasonable explanation of why that information was unavailable. Therefore, they did not successfully substantiate their donation of clothing, household goods, or decorations, all of which had an aggregate value above $500.

However, Plaintiffs did successfully substantiate the items that had an aggregate value less than $500. It is not necessary to record the manner of acquisition and date, and cost basis to substantiate a donation with a fair market value below $500. In order to substantiate a non-cash contribution with a value less than $250, a taxpayer needs a receipt from the donee showing, "(i) the name of the donee (ii) the date and location of the contribution (iii) a description of the property in detail reasonable sufficient under the circumstances." Treas Reg 1.170A-13(b)(1).

Plaintiffs donated china with a value of $39, artwork with a value of $13, and tools with a value of $23. Plaintiffs substantiated those items with a written receipt that included the name of donee, the date, and location of the contribution and a description of the property. Plaintiffs also

donated jewelry with a value of $265 and electronics with a value of $435. Plaintiffs included contemporaneous written acknowledgment for both the donated jewelry and the donated electronics for the year 2011. The written acknowledgment included a description of the property, that the donee organization provided no goods or service for consideration, and a good faith estimate using "Its Deductible." Therefore, Plaintiffs successfully substantiated their donation of china, electronics, jewelry, artwork, and tools with a total value of $775 for the 2011 tax year.

B.      *2012 Charitable Contributions*

Plaintiffs did not successfully substantiate their donation of clothing, furniture, electronics, collectibles, or household goods because they failed to record the date and manner of acquisition in addition to the cost basis, or provide an explanation of why that information was unavailable.

The antique chair is not aggregated into the furniture category with Plaintiffs' other donations because it was unique. Plaintiffs' written record included the name and address of donee organization, date, and location of contribution, detailed description of the property, and the fair market value at the time of contribution, which was $800. The receipt also included the method utilized for determining fair market value, which was comparable sales, the manner of acquisition, which was a gift and the date it was given, January 2001, and the cost basis for the item which was $1,200. Plaintiffs have successfully substantiated the antique chair.

In addition, Plaintiffs are able to deduct their donation of exercise equipment with a fair market value of $129. Plaintiffs donated an aerobic stepper, jump rope, stationary bike, and several yoga mats. The donation of exercise equipment is less than $250 and only requires a written receipt, which included the name of donee, the date, and location of the contribution and

/ / /

FINAL DECISION  TC-MD 160015R                                                                              8

a description of the property. Therefore, Plaintiffs successfully substantiated their donation of an antique chair and exercise equipment with a total value of $929 for the 2012 tax year.

C.       *2013 Charitable Contributions*

Plaintiffs did not successfully substantiate their donation of clothing, electronics, furniture, or household goods because they failed to record the date and manner of acquisition in addition to the cost basis. The clothing alone had an aggregate value above $5,000. Plaintiffs did not obtain a qualified appraisal for those items, and therefore did not successfully substantiate any item of clothing for 2013.

Electronics, furniture, and household goods all had an aggregate value above $500 for 2013. Plaintiffs did not successfully substantiate those items because they did not include the manner and date of acquisition or the cost basis for any of those items. Therefore, Plaintiffs did not successfully substantiate clothing, household goods, electronics, or furniture in 2013.

Plaintiffs did substantiate their donation of automotive equipment and jewelry in 2013. Plaintiffs donated automotive equipment, which included floor mats, license plate cover, seat cover, and a wheel cover, with a fair market value of $72 and jewelry with a fair market value of $60. Both donations are under $250. Plaintiffs only need a written receipt from donee to substantiate that donation, which they have included in their exhibits.

In addition, Plaintiffs donated an antique desk with a fair market value of $700 and an antique harpsichord with a fair market value of $3,500. Plaintiffs donated an antique desk on December 31, 2013. (Ptfs Ex 2 at 71.) The receipt includes the name and address of St. Vincent De Paul, the date and location of the contribution is Central Point, Oregon on December 31, 2013. (*Id.*) The description of the property on the receipt is "antique inlaid mahogany desk." The antique desk is unique and therefore does not fall under a generic category for aggregation purposes. The fair market value is noted on the receipt at $700. Plaintiffs included the method

utilized for determining fair market value: $700 was the value that the consignment shop assigned the item. Lastly, Plaintiffs included on their Form 8283 the date they purchased the item, which was June 1 2008, with a cost basis of $1,500. (*Id*. at 62.) The receipt in addition to the Form 8283 successfully substantiates the item.

Furthermore, even if it did fall under a generic category for furniture, Plaintiffs only donated $1,770 worth of furniture in 2013 including the antique desk. Therefore, Plaintiffs have successfully substantiated the antique desk and can deduct the items fair market value of $700 in their 2013 return.

Plaintiffs also donated an antique harpsichord on December 31, 2013. (Ptfs' Ex 2 at 71.) The receipt includes the name and address of the St. Vincent De Paul, the date and location of the contribution is Central Point, OR on December 31, 2013. The description of the property says antique harpsichord and includes pictures of the donation. The fair market value of $3,500 is listed on the receipt along with the method used for utilizing the fair market value; Plaintiffs used comparative sales. Lastly, the Plaintiffs included on their Form 8283 the date they purchased the item and its cost basis at the time which was June 2012 for $4,000. (*Id*. at 61.) The receipt and additional information from Form 8283 is a successful recording of information to substantiate the charitable contribution. Furthermore, because this is the only musical instrument donated in 2013, it is not aggregated with any other item. Therefore, Plaintiffs have successfully substantiated their donation of an antique desk, automotive equipment, jewelry, and an antique harpsichord with a total value of $4,332 that they can deduct on their 2013 tax return.

D.      *Substantial Compliance Doctrine*

The doctrine of substantial compliance is meant to avoid hardships where a taxpayer does all that they think is reasonably adequate, but fails to comply with the specific requirements of a provision. *Durden v. Comm'r.,* 103 TCM (CCH) 1762 (2012), 2012 WL 1758655 at *3 (US Tax

Ct). In *Bond v. Commissioner*, 100 TC 32 (1993), 1993 WL 7551 at *41 (US Tax Ct), the US Tax Court held that the reporting requirements of Treasury Regulation section 1.170A-13 were directory, not mandatory and the requirements could be met by substantial, rather than strict compliance. However, for donations with a value of $5,000 or more, *Bond* does not remove the need for an appraisal, but rather allows the deduction where the appraisal exists, but was not attached to the return. *Id.*

In *Bond,* taxpayers failed to attach their qualified appraisal to their tax returns for the blimps they donated. *Bond*, 1993 WL 7551 at *35. The court found that they had substantially complied with the statute, because even though they did not attach the appraisal to the tax return, they received a qualified appraisal and used that appraisal when completing their return. *Id.* at *42.

On the other hand, in *Friedman v. Comm'r*, 99 TCM (CCH) 1175 (2010), 2010 WL 845949 at *3 (US Tax Ct), taxpayers failed not only to attach the appraisal to their tax return, but failed to get a qualified appraisal at all. The US Tax Court held that the taxpayers' documents failed to provide an adequate description of the items or the condition of the donated items for purposes of an appraisal. *Id.* at *4. Moreover, the taxpayers also failed to provide the manner of acquisition of the items donated and the items cost basis. *Id*. The court held that taxpayers had not substantially complied with the statute, because they failed to provide enough information for an adequate appraisal and failed to provide the manner of acquisition of the items donated. *Id.*

Plaintiffs argued that they have satisfied their burden of proof by providing adequate records of their non-cash charitable contributions through their receipts and records kept on the "Its Deductible" program through TurboTax. Plaintiffs felt that they used a program that was used by many other taxpayers and they felt they provided enough evidence to prove that they

/ / /

substantially complied with the required statutes, even if they failed to comply with the specific provisions required by the US Tax Code and Treasury Regulations.

Unlike in *Bond*, Plaintiffs did not get the items appraised and do not have a list with the every item's cost basis and manner and date of acquisition that they simply failed to attach to their tax return. Instead, and similarly to *Friedman*, Plaintiffs did not get an appraisal and do not know the manner and date of acquisition for all of their donations in addition the item's cost basis. If Plaintiffs did know this information, it would have been brought forward. Therefore, because Plaintiffs simply do not have an adequate record to substantiate most of their donated items, they have failed to substantially comply with the required statute IRC section 170.

E.      *Request for Costs*

The Magistrate Division has discretionary authority under ORS 305.490(2) to award costs and disbursements to a prevailing party. *Wihtol I v. Dept. of Rev*. (*Wihtol I*), 21 OTR 260, 267–68 (2013). As required under TCR-MD 16 C(1), Plaintiffs filed their Statement for Costs and Disbursements on September 30, 2016, requesting that the court award costs and disbursements totaling $252. Defendant filed a written objection on October 6, 2016. Neither party requested that the court schedule a hearing "to consider issues and evidence related to the request for costs and disbursements." TCR-MD 16 C(3). Under TCR-MD 16 B, "costs may be awarded only to the prevailing party." *Wihtol v. Multnomah County Assessor (Wihtol)*, TC-MD 120762N, WL 274126 at *2 (Jan 24, 2014). "To determine who is the prevailing party * * * a court must weigh 'what was sought by each party against the result obtained.' " *Beggs v. Hart*, 221 Or App 528, 537–38, 191 P3d 747 (2008). Plaintiffs' complaint sought to allow all of their non-cash charitable deductions for the three tax years at issue totaling $54,440. After audit, Defendant reduced Plaintiffs' non-cash charitable deductions to a total of $1,735. In its Decision, the court found that Plaintiffs were entitled to $6,036 in non-cash charitable deductions

for the tax years at issue. Plaintiffs argue that they are the prevailing party because the court's

Decision found they were entitled to more than they obtained after Defendant's audit. In its

opposition, Defendant argues that it was the prevailing party because the court upheld its

adjustments "99.5% for 2011; 98.2% for 2012; and 79.7% for 2013." (Def's Obj at 1.)

Because "[t]he award of costs and disbursements is entirely discretionary with the

court[,]" the question is whether the court should, in its discretion, award Plaintiffs' claimed

costs and disbursements. *Wihtol*, 2014 WL 274126 at *4 (internal citations omitted). In

*Wihtol I*, this court addressed considerations the court may take into account in deciding whether

to exercise its discretion to award costs and disbursements. Considerations such as whether

"taxpayers fail to timely and properly file returns or fail to take advantage of available

administrative review" are used to determine whether the taxpayer "took adequate steps to avoid

the necessity of litigation." *See id.* at *5–*6. *Wihtol I* also suggested "that certain errors and

shortcomings" in documentation produced by the taxpayer "that resulted in an initial inaccurate

assessment could be reason to deny a discretionary award of costs and disbursements." *Id*. at *5;

*Benj. Franklin Savings and Loan v. Dept. of Rev.*, 310 Or 651, 670–71, 801 P2d 771 (1990).

Defendant's argument, based solely on percentages, is not persuasive. The court views

an award of costs as equitable in nature. Indeed, factors against Defendant's position are its

implementation of automatic adjustments for the 2012 and 2013 non-cash charitable deductions.

In its Notice of Deficiency Assessment for the 2012 tax year, Defendant stated "an automatic

adjustment is being made to the 2012 return for any similar items to those adjusted on the 2011

return." (Def's Ex E at 8.) It appears similar reasoning was used for the 2013 tax year. Yet,

Defendant could have reasonably differentiated items of clothing from items such as antiques

and musical instruments, which would have resulted in more allowances to Plaintiffs. Plaintiffs

might not have chosen to litigate this issue had Defendant more diligently reviewed Plaintiffs'

evidence. However, Plaintiffs have not shown that they are the prevailing party or that equity demands an award of costs in this case. Plaintiffs obtained a very low percentage of the amounts they were originally seeking. Additionally, Plaintiffs' evidence at trial about the quantity and value of the clothing they contributed to charity was not persuasive. The court finds that Plaintiffs were not the prevailing party and are not entitled to recover their costs.

F.      *Request to Reduce Penalties and Interest*

Plaintiffs request that the court use its equitable powers to reduce or eliminate penalties and interest in this case. ORS 305.560(1)(a) allows an appeal to be taken to this court under ORS 305.275, subject to an exception that prohibits a taxpayer from appealing to this court from an order denying the discretionary waiver of penalty or interest. ORS 305.560(1)(a) provides, in part:

> "Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue, an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court * * *."

In other words, an order denying the discretionary waiver of penalty or interest by Defendant is not appealable to this court. *See, Pelett v. Dept. of Rev.* (*Pelett*), 11 OTR 364, 365 (1990); *Gorin v. Dept. of Rev.*, TC-MD 140042N, WL 3533936 at *2 (July 17, 2014). The court clarified that it has the authority to review whether a penalty was correctly imposed, but not whether Defendant should have waived the penalty. *Pelett,* 11 OTR at 365.

Plaintiffs did not present any evidence at trial showing that Defendant made an error in calculating penalties and interest in this case. Plaintiffs have also not demonstrated any legal authority showing this court has the equitable discretion to reduce penalties and interest.

## III. CONCLUSION

After careful review and consideration of the evidence and testimony presented, the court concludes that Plaintiffs are not entitled to a deduction for the full amount claimed in charitable

contributions for the years 2011, 2012, and 2013, because they failed to keep adequate records to substantiate their non-cash charitable contributions for their tax returns.

The court also concludes that Plaintiffs have successfully substantiated some of their non-cash charitable contributions with adequate written records. Now, therefore,

IT IS THE DECISION OF THIS COURT that, for the 2011 tax year, Plaintiffs are allowed to deduct $775 in charitable contributions that were substantiated.

IT IS FURTHER DECIDED that, for the 2012 tax year, Plaintiffs are allowed to deduct $929 in non-cash charitable contributions that were substantiated.

IT IS FURTHER DECIDED that, for the 2013 tax year, Plaintiffs are allowed to deduct $4,332 in non-cash charitable contributions that were substantiated.

IT IS FURTHER DECIDED that, Plaintiffs' request for costs and fees is denied.

IT IS FURTHER DECIDED that, Plaintiffs' request for a reduction in penalties and interest is denied.

Dated this ____ day of October 2016.

_____
RICHARD DAVIS
MAGISTRATE

*This Decision is the court's determination of the merits. Any claim of error in regard to this Decision may be raised in an appeal of the court's final decision as stated in ORS 305.501.*

*Any request under Tax Court Rule – Magistrate Division (TCR-MD) 16 must be filed within 14 days of the date of this Decision. A final decision will be issued 14 days from the date of this Decision if no request is filed under TCR-MD 16.*

*This document was filed and entered on October 13, 2016.*